PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. MAROK | ) | CASE NO. 5:08-CV-1832 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on a Motion for Award of Attorney Fees (ECF No. 22) filed by the Plaintiff, James E. Marok ("Marok"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to which Michael Astrue, Commission of Social Security ("Commissioner"), has filed an objection. ECF No. 23. Based upon review of the parties' briefs and applicable law, the Court finds that the Commissioner's overall position was not substantially justified, and thus grants Plaintiff's Application for Payment of Attorney Fees and directs that payment be made directly to Plaintiff Marok.

**I. Background**

On July 29, 2008, Marok sought judicial review of the Social Security Administration's final decision denying her application for a period of disability and Disability Insurance Benefits. ECF No. 1. On December 4, 2008, the Commissioner answered Marok's complaint. ECF No. 11. Marok and the Commissioner filed Briefs on the Merits, on January 5, 2009, and March 24,

2009, respectively. ECF No. 14; ECF No. 17. On March 27, 2009, Marok filed a Reply, making the matter ripe for review. ECF No. 18.

The Court entered a Memorandum of Opinion and Order, ECF No. 20, reversing the Administration's final decision denying benefits to Marok and remanding the matter, pursuant to the Fourth Sentence of Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g). The Court instructed that upon remand, the ALJ conduct further administrative proceedings in order to properly determine the effects of obesity on Marok's musculoskeltal system and any other system and to articulate those findings in any resultant written opinion. ECF No. 21.

Subsequently, Marok filed a Motion for Award of Attorney Fees pursuant to the EAJA, 28 U.S.C. § 2412(d), including a break down of hours billed and an affidavit from Marok's counsel. ECF Nos. 22, 22-2, and 22-3. Marok seeks an EAJA award for twenty-four hours of attorney time, amounting to a total of $4,050.00, *i.e.* 24 x $168.75.[1] ECF No. 22, 22-1.

On August 9, 2010, the Commissioner filed a Memorandum in Opposition to Marok's Motion for Attorney Fees pursuant to the EAJA, contending that, "[t]his Court [should] deny Plaintiff's request attorney fees under the EAJA because the Commissioner's position was substantially justified." ECF No. 23. The Commissioner did not object to the hourly rate of $168.75 alleged by Plaintiff.

## II. Analysis

**A. The Equal Access to Justice Act**

The EAJA provides:

---

[1] Plaintiff asserts that "[t]he hourly rate for 2009 is $166.25 and the annual rate for the Akron/Cleveland area in 2010 is $168.75." ECF No. 22, 22-1.

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). According to this language, eligibility for a fee award requires that: (1) the claimant be a prevailing party; (2) the government's position was not "substantially justified;" and (3) no special circumstances make an award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F. 3d 837, 840 (6th Cir. 2006) *(citing Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

The threshold requirement for an award of attorney's fees is that the litigant be a "prevailing party." A "party" is any individual whose net worth did not exceed two million dollars at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). There is no dispute that Marok's net worth was less than two million dollars at the time the underlying action was filed. Moreover, there is no dispute that Marok became the "prevailing party" when she obtained reversal and remand for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g).[2] *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *see also Massachusetts Fair Share v. Law Enforcement Assistance Admin.*, 776 F.2d 1066, 1068 (D.C. Cir. 1985) (explaining a party "prevailed" where remand established its entitlement to relief on merits of its claim). Finally, the parties do not allege that special circumstances make a fee award unjust, nor does the Court find such circumstances. The dispute centers on whether the Commissioner's position was

---

[2] Under the Fourth Sentence, a district court may remand for further proceedings in conjunction with "a judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g).

substantially justified.

### B. Commissioner's Position was Not Substantially Justified

By the terms of the EAJA, a prevailing party is not entitled to attorney's fees if "the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(B). The test for substantial justification is one of reasonableness, and the term has been defined by the Supreme Court to mean "justified in substance or in the main," that is, justified to a degree that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855-56 (6th Cir. 1997). In other words, the government has the burden to prove that it had a reasonable basis in law and fact to undertake the challenged action. *Pierce*, 487 U.S. at 566 n.2; *see also Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). There is no presumption that the government's position was not substantially justified simply because it lost the case. *Scarborought v. Principi*, 541 U.S. 401, 414-15 (2004). However, an agency's violation of its own policy or regulations may provide a basis for a finding of lack of substantial justification. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 541 (6th Cir. 2004).

The Commissioner contends that he was substantially justified for the following three reasons: (1) the Court did not find that the ALJ failed to adequately assist Marok; (2) the Court found that Marok fell short with respect to both requirements to obtain a Sentence Six remand; and (3) the ALJ's failure to "connect all the dots in parts of his analysis"and "articulate that he considered some evidence does not necessitate a finding that the Commissioner's position was not substantially justified." ECF Nos. 23; 20 at 12, 14, 18; 23. In the instant case, the Commissioner met its burden on two of the three reasons offered.

4

Because the first two reasons offered were resolved in the Commissioner's favor in the Court's antecedent rulings (ECF No. 20), those rulings must be given *res judicata* effect. The Court's ruling in favor of the Commissioner on two of the three reasons does not, however, result in *substantial* justification.

While it minimizes the ALJ's error by labeling it one of "articulation," the Commissioner's third reason – the ALJ's failure to "connect all the dots" – does not show substantial justification. As previously stated, an agency's violation of its own policy or regulations may provide a basis for a finding of lack of substantial justification. *Wilson*, 378 F.3d at 541. An elemental principal of administrative law is that agencies are bound to follow their own regulations. *Id.* at 545. Moreover, "'[t]he requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the decision is supplied.'" *Wilson,* 378 at F.3d at 544-45 (*citing Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir. 1999)); *see also Fisk v. Comm'r of Soc. Sec*., 2009 WL 161335 (S.D. Ohio).

In the present matter, the Court held that the ALJ "did not adequately articulate in his written decision whether he *considered* the effects of Marok's obesity on his musculoskeletal system . . . [and] [t]his error was not harmless . . . [r]ather it was crucial." ECF No. 20 at 17, 18 (emphasis added). The Court further held that the "ALJ's findings with regard to whether Marok's impairments met or medically equaled a Listing were conclusory with little explanation." ECF No. 20 at 18. Specifically, the Court noted that the ALJ "devoted only two sentences in his 12-page written decision to explain why Marok's impairments did not meet or

medically equal a Listing," which is a clear violation of an agency's requirement to provide "reasons" to Marok. See *Wilson*, 378 F.3d at 541. Therefore, the Commissioner's third reason does not show a reasonable basis in law or fact to undertake the challenged action. See *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("Under these circumstances of this case, where the administrative law judge was found to have selectively *considered* the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge is without substantial justification.") (emphasis added). The Commissioner is justified in two of the three reasons offered, but overall not substantially justified to a degree that would satisfy a reasonable person.

### III.  Attorney's Fee Award is Payable to the Litigant

Recently, the United States Supreme Court unanimously held that an attorney's fee award under 28 U.S.C. § 2412(d) is payable to the prevailing "litigant" rather than the attorney and "subject to an offset to satisfy the litigant's pre-existing debt to the Government." *Astrue v. Ratliff*, 560 U.S. ---- 130 S. Ct. 2521, 2522. In the present matter, the parties do not allege that Marok owes a pre-existing debt to the Government, Marok does, however, urge the Court to "award attorney fees and costs *directly to the Plaintiff through her attorney*, Dianne R. Newman." ECF No. 22 (emphasis added).

The Supreme Court has wisely counseled against the tradition of paying EAJA fees through an attorney even when such a financial arrangement is agreed upon by claimant and counsel. The Court explained that "the prevailing party's attorney . . . beneficial interest or a contractual right in the fees does not alter [their] conclusion." *Id*. The prevailing litigant's obligation to pay his attorney is controlled solely by contract law, not the EAJA. *Id*. at 2530

(Sotomayor, J., concurring).

Accordingly, the Court grants Plaintiff Marok's Application for Payment of Attorney Fees in the amount of $4,050.00 to be paid directly to Plaintiff, James E. Marok, the prevailing litigant.

IT IS SO ORDERED.


| August 24, 2010 | /s/ Benita Y. Pearson |
|---|---|
| Date | United States Magistrate Judge |